## PRAIRIE COUNTY *v*. FINK.

### Opinion delivered October 1, 1898.

RAILROADS—HIGHWAY CROSSINGS.—Sand. & H. Dig., § 6263, provides that "wherever any railroad corporation has constructed or shall hereafter construct a railroad across any public road or highway of this state, now established or hereafter to be established, such railroad corporation shall be required to so construct such railroad crossing, or so alter the roadbed of such public road or highway, that the approaches to the railroad bed, on either side, shall be made at no greater elevation or depression than one perpendicular foot for every five feet of horizontal distance," etc. *Held* that the county, and not the railroad company, is liable for the construction of the approaches to the railroad's roadbed of a public highway laid out after the railroad was constructed. (Page 494.)

Appeal from Prairie Circuit Court.

J. S. THOMAS, Judge.

#### STATEMENT BY THE COURT.

E. R. Screeton and twenty-six other citizens of Prairie county filed a petition asking the county court of Prairie county to open up a new road from the town of Hazen in said county to a point on the DeVall's Bluff and Hazen road, which petition in every way complied with the requirement of the statutes. Said petitioners filed the bond and proof of publication required, and the court appointed three viewers to view out said road.

Said viewers were notified by the clerk of their appointment, took the oath as required by law, and, after viewing said road, reported that the same should be established. Said new road, as established by said viewers, crossed the Little Rock & Memphis railroad, of which appellee, Rudolph Fink, is receiver. Rudolph Fink, as receiver, at his own request, was made a party to the record, and filed a petition showing that it would cost him, as said receiver, the sum of $81.66 to build the crossing and approaches and put up a signboard at said crossing, and asked the court to allow him damages for that amount. The viewers did not find that appellee would be damaged by the opening of said road. The court approved the report of the viewers, and the said new road was opened and established according to the recommendations of said viewers. Appellee appealed to the circuit court from the order of the county court refusing to allow him the damage asked.

In the circuit court appellant demurred to the petition of appellee asking for said damages, and the court overruled the demurrer, and allowed the damages asked. To which ruling of the court the appellant, Prairie county, at the time excepted, and appealed to this court.

*E. B. Kinsworthy* and *T. E. Brown*, for appellant.

Every railroad company takes its right of way subject to the right of the public to extend highways across it. 30 O. St. 604; 105 Ill. 388; 140 Ill. 315–318; 24 N. Y. 345. Nor can courts inquire into the expediency of the taking. Cooley, Const. Lim. 537; 71 Ill. 333; 2 Mich. 432; 80 Ky. 149. Damages cannot be claimed by citizens or corporations for expense or injury resulting from obedience to a police regulation. 54 Ark. 608; 105 Ill. 388. The railway company is bound to construct and maintain the crossing. Sand. & H, Dig., § 6263; 79 Me. 386; 117 Ill. 203; 91 Ind. 121.

*Rose, Hemingway & Rose*, for appellee.

Where the highway is laid out after the railroad is constructed, the company is entitled to all damages and expenses incurred by them in building and maintaining a suitable crossing. 14 Gray, 154; 26 N. W. 159; S. C. 58 Mich. 541; 28 N. W. 532; S. C. 61 Mich. 507; 51 N. W. 934; S. C. 90 Mich.

385; 45 Kas. 716; 46 Kas. 104; 29 Pac. 1084; S. C. 48 Kas. 576; 102 Mo. 633; 66 Mich. 42; 51 N. J. Law, 428; . Rorer, Railroads, 554. There is no obligation resting on the company to build the 'crossings when the public is seeking to make a road across the established tracks of the company. 45 Kas. 543; 79 Mo. 98.

HUGHES, J., (after stating the facts). Does the statute make the railroad liable? Section 6263 of Sandels & Hill's Digest governs this case, and is as follows: "Section 6263. Wherever any railroad corporation has constructed or shall hereafter construct a railroad across any public road or highway of this state, now established or hereafter to be established, such railroad corporation shall be required to so construct such railroad crossing, or so alter the roadbed of such public road or highway, that the approaches to the railroad bed, on either side, shall be made and kept at no greater elevation or depression than one perpendicular foot for every five feet of horizontal distance, such elevation or depression being caused by reason of the construction of said railroad; *provided*, wherever there may be a cut of sufficient depth in the roadbed of any railroad at the crossing of any public road or highway, such railroad may be. crossed by a good and safe bridge, to be maintained in good repair by the railroad company or corporation owning or operating such railroad."

It seems clear to us that the statute makes the railroad liable where the railroad crosses the county road, and not where the county road crosses the railroad. This is the un-ambiguous language of the statute. The legislature probably might make the railroad liable in such a case; we do not find that it has done so.

The judgment is affirmed.